[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Jimi Cooper filed a petition for a Writ of Habeas Corpus on January 4, 1995. He filed an amended petition dated March 15, 1995 on March 17, 1995. The petitioner was arrested on July 27, 1990. On February 14, 1991 the petitioner plead guilty to the charges of Manslaughter in the First Degree, and Carrying a Weapon Without a Permit. These offenses took place on July 26, 1990 when the victim Willie Jones was shot and killed. On February 14, 1991 the petitioner plead guilty under the Alford Doctrine to the crime of Robbery in the Second Degree. This robbery occurred on July 1, 1990. On April 5, 1991 the plaintiff was sentenced for these offenses and received a total effective sentence of twenty-five years. He received a twenty year sentence for Manslaughter in the First Degree, five year sentence for Carrying a Weapon Without a Permit consecutive to the aforementioned twenty year sentence and a concurrent two year sentence for the Robbery in the Second Degree.
As to the Manslaughter and weapons offenses the petitioner signed a statement for the police. As to these charges he also turned himself and the weapon used in the offense into the New Haven Police Department. He stated this was done after consulting with his parents.
The petitioner's defense counsel Beth Merkin testified that his entire case was based on a self defense theory. The petitioner had a dispute with another individual, left the scene and went to another location and retrieved a gun, then returned to the location where he had a previous dispute. Subsequently the petitioner shot the victim in what the petitioner claimed was a shoot out.
The petitioner claims the following:
A) During the plea canvass and prior to the plea being accepted, on February 14, 1991, the Petitioner informed Attorney Merkin that he did not wish to go through with entering guilty pleas.
B) Attorney Merkin did not ask for a continuance or time to speak to the Petitioner to discuss his concerns. CT Page 12891
C) By failing to fully discuss the implications of a plea, the Petitioner's plea was not entered knowingly, intelligently, and/or voluntarily.
D) The Petitioner relied to his detriment, on the advice of counsel.
E) The advice of Attorney Merkin to the Petitioner concerning the decision whether to enter a plea of guilty was incomplete.
F) The advice of Attorney Merkin to the Petitioner concerning the decision whether to enter a plea of guilty was incorrect.
The petitioner seeks the following relief:
1. That the Petitioner be brought before the court so that justice may be done;
2. That the plea and sentence be vacated and the case remanded to the trial court for further proceedings;
3. That the Petitioner's right to have his sentence reviewed pursuant to C.G.S. § 51-195 he restored.
4. Such other relief deemed appropriate.
The petitioner testified that he told his defense counsel Beth Merkin that he was fired at so he returned fire in self defense. He stated he asked Attorney Merkin about the defense of self defense and she stated there was no self defense law for him. The petitioner now states that if he knew he had a defense of self defense he would have plead not guilty and gone to trial. He also alleges that as he stood in court just prior to entering his guilty pleas he told his attorney that he did not want to plead guilty. He stated Attorney Merkin informed him it was too late because she already had an agreement with the State's Attorney on his case. The petitioner then stated that after the plea hearing he again asked Attorney Merkin why he could not withdraw his plea and she again said that she had an agreement with the State's Attorney and that that is what the Judge meant in the canvass when he said you cannot withdraw your plea.
Attorney Beth Merkin who represented the petitioner stated that the petitioner told her he fired in self defense. She stated CT Page 12892 she and her assistant counsel looked for evidence to corroborate the petitioner's claim of self defense. The only evidence of that that she found was that when shot the victim's arm was at a ninety degree angle. She testified this evidence could indicate the victim was running at the time of his death or that he was shooting a weapon or it could have meant anything. She testified in her opinion this evidence was the main reason why the State's Attorney agreed to reduce the charge against the petitioner from Murder to Manslaughter in the First Degree. Attorney Merkin stated she explained to the Petitioner that he had to show he was in imminent danger of bodily harm and unable to retreat to prove self defense. She stated it could not be corroborated that the petitioner's life was endangered by gunfire. She stated that when she explained the elements of self defense to the Petitioner he appeared to understand them. Attorney Merkin told the Petitioner that in her view he would have a difficult time in being acquitted. In her view the self defense theory would not result in an acquittal because of the statement the petitioner gave to the police. In that statement according to Attorney Merkin the Petitioner stated he got into a dispute with two people who had weapons and that he left and went to another location and got a gun. Attorney Merkin testified that the Petitioner never told her that he wanted to withdraw his pleas or plead not guilty. Under intense cross examination by the petitioner's counsel in this case Attorney Merkin said she was ninety-nine percent sure that the Petitioner did not tell her he wanted to withdraw his plea or plead not guilty when he stood before the Judge. She stated that the first time she was aware that the Petitioner wanted to withdraw his pleas was in a letter she received from him dated May 27, 1991. (Exhibit 1). In that letter the Petitioner asked her if there was any way she knew of whereby he could reopen his case. He stated in that letter he felt his decision to plead guilty was a mistake and the sentence received unfair.
During the canvass of the petitioner's plea on February 14, 1991 (Exhibit 2) the following Colloquy took place.
The Court: No one is forcing you to enter these pleas?
Mr. Cooper: No.
The Court: Are you doing this voluntarily and of your own free will?
Mr. Cooper: Yes. CT Page 12893
At the sentencing hearing on April 5, 1991 the following Colloquy took place:
The Court: Mr. Cooper is there anything you'd like to say? The Defendant: (Nodding negatively)
(Exhibit 3)
The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different Id. 702.
In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland
were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, CT Page 12894 the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have been different. The court went on to require that "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 59.
The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial. Copas v. Commissionerof Correction, 234 Conn. 139, 156.
To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance there is a reasonably probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome. Id. 157 — Footnote10.
After hearing the evidence in this matter the court finds that the Petitioner has not sustained his burden of proof relative to his allegations set forth in his amended petition. The petitioner put on no evidence relative to his request in his prayer for relief that his right to sentence review be restored pursuant to Connecticut General Statutes 51-195. Therefore the court considers this request to be abandoned. This court found Attorney Beth Merkin to be a credible witness. For all the aforementioned reasons the court denies the Petitioner's Habeas Corpus petition.
William J. Sullivan, Judge